UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

3:25cv 2200-AW/HTC

PAUL WAGGONER,

   Plaintiff, Pro Se,

v.

SHERIFF MIKE ADKINSON, in his individual and official capacity;

LT. JAMES PITMAN; LT. LOCKLEAR; DEPUTY DAVID NELSON; and DEPUTY CURRID,

   Defendants.

Case No.: _____

# VERIFIED COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 AND REQUEST FOR INJUNCTIVE RELIEF

## I. JURISDICTION AND VENUE

1. This action arises under 42 U.S.C. § 1983 and the First, Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4).

2. Venue lies in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of Florida, including in Walton County, and because one or more Defendants reside or are employed here.

## II. PARTIES

3. Plaintiff PAUL WAGGONER is a U.S. citizen. For safety reasons, Plaintiff is currently residing out of state; all contact should be via email at defeatwaltoncountycorruption@gmail.com.

4. Defendant SHERIFF MIKE ADKINSON is the Sheriff of Walton County, Florida, and acted under color of state law at all times. He is sued in his individual and official capacities.

5. Defendants LT. JAMES PITMAN, LT. LOCKLEAR, DEPUTY DAVID NELSON, and DEPUTY CURRID are or were employees of the Walton County Sheriff's Office (WCSO) acting under color of state law.


FILED USDC FLND TL
NOV 6 '25 AM 9:38

## III. FACTUAL ALLEGATIONS

6. Plaintiff previously filed a federal civil-rights action styled Waggoner v. Walton County Sheriff's Office et al., Case No. 3:22-cv-7858/TKW/ZCB (N.D. Fla., approx. Oct. 2022–Feb. 2023) (Exhibit C). Following that filing, retaliation and harassment by WCSO personnel intensified markedly.

7. On or about May 24–25, 2023, while voluntarily surrendering to the Walton County Jail, Plaintiff was assaulted by DEPUTY DAVID NELSON while restrained. Nelson threatened to rip off Plaintiff's limbs and 'shove them up [his] ass,' and to ensure Plaintiff would be harmed inside or outside jail. Other deputies failed to intervene. (Exhibit B: Jail video/bodycam, to be produced.)

8. On or about October 7–8, 2025, DEPUTY CURRID deployed chemical agents against Plaintiff in a contaminated cell after Plaintiff protested the denial of a bed and sanitation while being wrongfully labeled 'high risk' based on false allegations tied to LT. LOCKLEAR's connections to an adverse party in Plaintiff's custody case. (Exhibit B; medical notes).

9. Shortly after Plaintiff's arrest, SHERIFF MIKE ADKINSON publicly characterized Plaintiff as a 'danger' despite acknowledging the charge was 'not necessarily that serious,' thereby tainting the jury pool and demonstrating retaliatory animus. (Exhibit A: Sheriff public remarks transcript/clip).

10. LT. JAMES PITMAN other WCSO supervisors and deputies tolerated or facilitated the misconduct and were involved in targeting Plaintiff through traffic stops, intimidation, stalking and interference with cases and evidence.

11. Attorney CLAY ADKINSON (County Attorney and cousin to Sheriff Adkinson) concurrently represented the opposing party in Plaintiff's custody case and was involved with withholding courthouse surveillance video of an unlawful detention by a WCSO sergeant Hoke—further evidencing systemic collusion. (Referenced; emails/filings to be attached.)

12. These acts caused physical injury, extreme emotional distress, reputational damage, and ongoing fear for Plaintiff's life if forced to attend proceedings in Walton County.

## IV. PRESERVATION AND PRODUCTION OF EVIDENCE

13. Plaintiff requests immediate preservation and production of: (a) all jail surveillance and body-worn camera footage from May 24–25, 2023 and Oct. 7–8, 2025 involving Plaintiff, including use-of-force logs and incident reports; and (b) all audio/video/bodycam recordings of the DCF hotline report and wellness check involving Agent Erica Michell and a WCSO deputy Phillips. (Rule 26 and Rule 34).

## V. CLAIMS FOR RELIEF

COUNT I – EXCESSIVE FORCE (Fourth and Fourteenth Amendments) – Against LT. LOCKLEAR, DEPUTY NELSON and DEPUTY CURRID; failure-to-intervene against present officers.

COUNT II – FIRST AMENDMENT RETALIATION – Against all Defendants for adverse actions in response to Plaintiff's protected speech, complaints, and prior federal suit.

COUNT III – DUE PROCESS / EQUAL PROTECTION (Fourteenth Amendment) – Targeting, tainting jury pool, and malicious/retaliatory prosecution.

COUNT IV – SUPERVISORY LIABILITY – Against SHERIFF ADKINSON and LT. PITMAN for deliberate indifference and ratification of known misconduct.

COUNT V – CONSPIRACY UNDER § 1983 – Agreement among Defendants and others to deprive Plaintiff of constitutional rights, with overt acts and resulting injury.

## VI. INJUNCTIVE AND DECLARATORY RELIEF

Plaintiff seeks orders (a) requiring preservation/production of the evidence described above; (b) enjoining further retaliation or contact by WCSO personnel outside lawful channels; (c) permitting Plaintiff to appear in state or related proceedings remotely for safety; and (d) directing appropriate state authorities to transfer any related state proceedings out of Walton County to a neutral venue (e.g., Leon County) to protect Plaintiff's constitutional rights.

## VII. DAMAGES

Plaintiff seeks compensatory and punitive damages in an amount to be determined at trial, together with costs, attorneys' fees if later represented (42 U.S.C. § 1988), and any further relief deemed just.

## VIII. EXHIBITS (PLACEHOLDERS)

Exhibit A – Sheriff Adkinson public remarks (video/transcript). *Flash drive provided* [handwritten]

Exhibit B – Jail surveillance/bodycam and medical records (May 24–25, 2023; Oct. 7–8, 2025).

Exhibit C – Prior federal case: 3:22-cv-7858/TKW/ZCB filings (key orders/motions).

Exhibit D – DCF hotline/wellness-check bodycam and records (Agent Michell). *Flash drive provided* [handwritten]

Exhibit E – Security footage and witness statements (Christmas Eve cruisers, etc.).

Exhibit F – Documentation of targeted stops/harassment/retaliation.

Verification under 28 U.S.C. § 1746

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _1_ day of _Nov_, 2025.

*/s/ Paul Waggoner*
Paul Waggoner

Contact: defeatwaltoncountycorruption@gmail.com
Residence: Currently residing out of state for safety reasons; contact via email only.

Clerk of Court
US District Court Northern District of Florida
Tallahassee, Div — 111 North Adams
Tallahassee, Fl
32301





TO REUSE: Mark through all previous shipping labels a

Align top of FedEx Express® shipping labe

ORIGIN ID:HYAA  (850) 520-0155
PAUL WAGGONER
576 HUCKABA RD E
DEFUNIAK SPRINGS, FL 32435
UNITED STATES US

SHIP DATE: 04NOV25
ACTWGT: 0.75 LB
CAD: 6570210/ROSA2670

TO **CLERK OF COURT, US DISTRICT COURT**
**NORTHERN DISTRICT OF FL.-TALLAHASSE**
**111 NORTH ADAMS STREET**

**TALLAHASSEE FL 32301**
(000) 000-0000   REF:
INV:
PO:                DEPT:

FedEx
Express

E

THU - 06 NOV 5:00P
TRK# 8857 5524 2384  NOV 0 4 2025   ** 2DAY **
0201

SS TLHA                              32301
         NOV 0 4 2025 FL-US  TLH